1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

4     Bayview Loan Servicing, LLC, et al.                    2:17-cv-00454-JAD-VCF

5              Plaintiffs

6     v.                                          **Order Staying Case and Denying Motion
                                                        Without Prejudice**

7     Pleasant Valley I HOA, et al.,                         [ECF No. 10]

8              Defendants

9

10          As I noted in *Freedom Mortgage v. Las Vegas Development Group*,[1] in the years

11    following Las Vegas's real estate crash, lenders and investors were at odds over the legal effect

12    of a homeowners association's (HOA's) nonjudicial foreclosure of a superpriority lien on a

13    lender's first trust deed.  The Nevada Supreme Court settled the debate in *SFR Investments Pool*

14    *1, LLC v. U.S. Bank*,"[2] making winners out of the investors who purchased foreclosure properties

15    in HOA sales and losers of the lenders who gambled on the opposite result, elected not to satisfy

16    the HOA liens to prevent foreclosure, and thus saw their interests wiped out by sales that often

17    yielded a small fraction of the loan balance.

18          The Nevada Supreme Court recently reaffirmed the *SFR* principles in *Saticoy Bay v.*

19    *Wells Fargo* and expressly held that "the Due Process Clauses of the United States and Nevada

20    Constitutions are not implicated in an HOA's nonjudicial foreclosure of a superpriority lien."[3]

21    But when a Ninth Circuit panel considered the same issues in *Bourne Valley Court Trust v. Wells*

22    *Fargo Bank*, it held that Chapter 116's nonjudicial foreclosure scheme "facially violated

23

24    _____

25    [1] *Freedom Mortgage Corp. v. Las Vegas Dev. Grp., LLC*, 106 F. Supp. 3d 1174, 1180 (D. Nev.
26    2015).

27    [2] *SFR Inv. Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014).

28    [3] *Saticoy Bay v. Wells Fargo*, 133 Nev. Adv. Op. 5 (Jan. 26, 2017).

mortgage lenders' constitutional due process rights" before it was amended in 2015.[4]   The losing parties in both *Bourne Valley* and *Saticoy Bay* have indicated their intent to file petitions for certiorari in the United States Supreme Court,[5] so the constitutionality of Nevada's non-judicial foreclosure scheme may ultimately be decided by the United States Supreme Court.[6]

This case concerns one of those non-judicial foreclosure sales, and Bayview Loan Servicing, LLC challenges that foreclosure sale as a violation of its right to due process, among other things, citing *Bourne Valley*.[7]   Defendant Pleasant Valley I Homeowners' Association has moved to dismiss the complaint.[8]   To save the parties from the need or inclination to invest resources further briefing the effect of the *Bourne Valley* and *Saticoy Bay* opinions before the United States Supreme Court has ruled on the petitions for certiorari review in these cases, I deny the pending motion to dismiss without prejudice, and I *sua sponte* **stay all proceedings in this case**.

## Discussion

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources.[9]   When determining whether a stay is appropriate pending the

---

[4] *Bourne Valley Ct. Trust v. Wells Fargo Bank*, 2016 WL 4254983, at *5 (9th Cir. Aug. 12, 2016).

[5] The Nevada Supreme Court has stayed issuance of the remittitur until June 21, 2017, to allow time to seek certiorari.  *Saticoy Bay*, Nev. S. Ct. Case No. 68630, Doc. 17-04543 (Feb. 8, 2017). The United States Supreme Court has extended the deadline for the *Bourne Valley* cert petition to April 3, 2017.  Case No. 16A753 (Feb 24, 2017).

[6] *See* S.C.R. 10(a) (suggesting that a conflict between a circuit court and "a state court of last resort" on "an important federal question" can be a basis for granting review on a writ of certiorari).

[7] ECF No. 1 at ¶ 77.

[8] ECF No. 10.

[9] *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

1  resolution of another case—often called a "*Landis* stay"—the district court must weigh: (1) the

2  possible damage that may result from a stay, (2) any "hardship or inequity" that a party may

3  suffer if required to go forward, (3) "and the orderly course of justice measured in terms of the

4  simplifying or complicating of issues, proof, and questions of law" that a stay will engender.[10]

5  After weighing these considerations, I find that a *Landis* stay is appropriate here.  I address these

6  considerations in reverse order.

7  **A.     A stay will promote the orderly course of justice.**

8       At the center of this case is an HOA-foreclosure sale under NRS Chapter 116 and the

9  competing arguments that the foreclosure sale either extinguished the bank's security interest or

10  had no legal effect because the statutory scheme violates due process.  The United States

11  Supreme Court's consideration of petitions for certiorari in *Bourne Valley* and *Saticoy Bay* has

12  the potential to be dispositive of this case or at least of discrete issues that it presents.  As the

13  jurisprudence in this area of unique Nevada law continues to evolve, the parties in the scores of

14  foreclosure-challenge actions pending in this courthouse file new motions or move to supplement

15  the ones that they already have pending, often resulting in docket-clogging entries and an

16  impossible-to-follow chain of briefs in which arguments are abandoned and replaced.  Staying

17  this case pending the Supreme Court's disposition of the petitions for certiorari in *Bourne Valley*

18  and *Saticoy Bay* will permit the parties to evaluate—and me to consider—the viability of the

19  claims under the most complete precedent.  This will simplify and streamline the proceedings

20  and promote the efficient use of the parties' and the court's resources.

21  **B.     Hardship and inequity**

22       Both parties face the prospect of hardship if I resolve the claims or issues in this case

23  before the petitions for certiorari have been decided.  A stay will prevent unnecessary briefing

24  and the expenditures of time, attorney's fees, and resources that could be wasted—or at least

25  prematurely spent—should the Supreme Court take up these cases.

26

27

28  [10] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

**C.      Damage from a stay**

The only potential damage that may result from a stay is that the parties will have to wait longer for resolution of this case and any motions that they have filed or intend to file in the future.  But a delay would also result from any rebriefing or supplemental briefing that may be necessitated if the Supreme Court grants certiorari and resolves this circuit-state split.  So it is not clear to me that a stay pending the Supreme Court's disposition of the petitions for certiorari will ultimately lengthen the life of this case.  I thus find that any possible damage that the extension of this stay may cause the parties is minimal.

**D.      The length of the stay is reasonable.**

Finally, I note that a stay of this case pending the disposition of the petitions for certiorari in *Bourne Valley* and *Saticoy Bay* is expected to be reasonably short.  The petition in *Bourne Valley* is due April 3, 2017, and the petition in *Saticoy Bay* is due April 25, 2017.  Because the length of this stay is directly tied to the petition proceedings in those cases, it is reasonably brief, and it is not indefinite.

**Conclusion**

IT IS THEREFORE ORDERED that **this case is STAYED.  Once the United States Supreme Court proceedings in *Bourne Valley* and *Saticoy Bay* have concluded, any party may move to lift this stay.**

IT IS FURTHER ORDERED that the pending motion to dismiss **[ECF No. 10] is DENIED** without prejudice to its refiling within 20 days of the order lifting the stay.

DATED: March 8, 2017

_____
Jennifer A. Dorsey
United States District Judge

4